FROM CUMBERLAND.
"Whereas, The will of Archibald McNeil was offered for probate in this Court many years since, which was contested, and an issue ofdevisavit vel non made up according to law; and, whereas, there was an appeal from the decision here to the Superior Court; and, whereas, on the trial of the issue in the Superior Court, it was legally established as the last will and testament of Archibald McNeil, and ordered to be there recorded, and then transmitted to this Court for record; it is therefore ordered, that the said will being now produced be recorded in this Court, and filed among the records thereof."
The defendant objected that this entry was not a probate of (394) the will. His Honor, Judge STRANGE, sustained the objection, and nonsuited the plaintiff, who appealed to this Court.
If the will in question had been proved in the County Court of Cumberland, an authenticated probate of it from that Court would have entitled it to be read. But when an issue was made up to *Page 253 
try the validity of the will, and an appeal was taken to the Superior Court from a decision upon that issue, the County Court by such appeal lost its judicial character as to the question of probate, and could only act afterwards ministerially in having the will recorded in the County Court, according to the directions of the act of 1777. (Rev., ch. 115, sec. 57.)
It was, therefore, necessary, in case the will was established in the Superior Court, that an authenticated record of that fact should have been transmitted form that Court to the County Court, together with the will thereby established, in which case the County Court should direct the will to be recorded, as well as the record from the Superior Court, as their authority for so doing. A copy of the record from the Superior Court establishing the will, and a copy of the will, both authenticated by the clerk of the County Court, would entitle the will to be read.
In the present case the clerk of the County Court recites, "that the will was established in the Superior Court, and ordered to be there recorded, and then transmitted to this Court for record. It is therefore ordered that the said will, being now produced, be recorded in this Court and filed among the records of the Court agreeable to law." But in this certificate the clerk does not state upon what authority he makes that recital, or upon what authority the will was directed to be recorded. (395) I will not say that an authenticated copy of the records of the Superior Court, by which it would appear that the will was established, would not entitle it to be read. I think otherwise. I also think if it was authenticated in the way I have pointed out by the clerk of the County Court, it would be sufficient; but that the will, as at present authenticated, ought not to be read, I feel confident.
There can be no reason for being too strict in examining certificates of this description. But when it is recollected that the records of the County and Superior Courts of Cumberland are kept at the same place, and that the one can be procured as readily as the other, nothing of hardship can be alleged against requiring them to be made out in regular form.
PER CURIAM. Affirmed.
Cited: Sawyer v. Dozier, 27 N.C. 104; Bryan v. Moring, 94 N.C. 691. *Page 254